# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| GEORGE BARNEY,<br>Plaintiff,<br>v.<br>NOVA LIFESTYLE, INC., *et al.*,<br>Defendants. | CV 18-10725 TJH (AFMx)<br><br>**Order**<br>[33] |

The Court has considered the motion to dismiss, filed by Defendants Nova Lifestyle, Inc. [Nova Lifestyle], Thanh H. Lam, and Jeffrey Chuang, together with the moving and opposing papers.

The following facts are as alleged in the complaint. Nova Lifestyle designs, manufactures, and sells residential and commercial furniture. Lam and Chuang currently serve as Nova Lifestyle's Chief Executive Officer and Chief Financial Officer, respectively.

On December 3, 2015, Nova Lifestyle issued a press release announcing that it entered into an agreement with Shanxi Wanqing Senior Care Service, Group ["Shanxi Wanqing"], a senior care center and hotel developer based in China ["the Press Release"]. In the Press Release, Nova Lifestyle announced its new role as Shanxi

Wanqing's exclusive furniture designer and manufacturer for a $460 million senior care center that Shanxi Wanqing was developing in China. Defendant Jeffrey Wong, Nova Lifestyle's Chief Executive Officer at that time, expressed his support of the exclusivity agreement in the press release.

On April 14, 2017, Nova Lifestyle filed its financial results and position for the 2016 fiscal year ["the 2016 Report"] with the Securities and Exchange Commission ["SEC"]. The 2016 Report was signed by Lam and Defendant Yeun Ching Ho, Nova Lifestyle's Chief Financial Officer at that time. The 2016 Report emphasized that the exclusivity agreement with Shanxi Wanqing resulted in 10.8% of Nova Lifestyle's total sales in 2016, making Shanxi Wanqing Nova Lifestyle's largest customer in 2016.

On March 29, 2018, Nova Lifestyle filed its financial results and position for the 2017 fiscal year ["the 2017 Report"] with the SEC. The 2017 Report was signed by Lam and Chuang. The 2017 Report stated that Nova Lifestyle's largest customer was, again, Shanxi Wanqing, followed by Merlino Lewis, LLP ["Merlino Lewis"], with 24.3% and 13.7% of Nova Lifestyle's total sales in 2017, respectively.

On December 21, 2018, Andri Capital wrote and posted an article on *Seeking Alpha,* an internet forum for financial advice ["the Article"]. The Article suggested that Nova Lifestyle could not have had business relationships with Merlino Lewis and Shanxi Wanqing because: (1) Merlino Lewis was dissolved in 2013; (2) Shanxi Wanqing was not registered with the Chinese State Administration, which was a requirement for all Chinese companies; and (3) The only other corporation by the name of Shanxi Wanqing that Andri Capital could find in its independent investigation was incorporated in Nevada in 2016, and appeared to be a shell corporation. After Andri Capital published the Article, Nova Lifestyle's stock fell from $0.77 to $0.46 per share.

On December 28, 2018, Barney, a shareholder of Nova Lifestyle, filed this putative class action on behalf of himself and those who purchased Nova Lifestyle shares between December 2, 2015, and December 20, 2018. Barney alleged, *inter*

*alia*, that Nova Lifestyle, Lam, Chuang, and Ho improperly inflated Nova Lifestyle's total reported 2016 and 2017 sales by fabricating Nova Lifestyle's sales to Merlino Lewis and Shanxi Wanqing. Thus, Barney alleged that: (1) Nova Lifestyle, Lam, and Chuang violated § 10(b) of the Exchange Act of 1934, 15 U.S.C. § 78j, *et seq.* ["the Exchange Act"]; and (2) Lam and Chuang violated § 20(a) of the Exchange Act, 15 U.S.C. 78t(a).

Nova Lifestyle, Lam, and Chuang, now, move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

Generally, a complaint need not include detailed factual allegations for each element of each claim, but it must allege enough facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). However, where fraud is alleged, the complaint must state with particularity the circumstances constituting the alleged fraud. *See* Fed. R. Civ. P. 9(b). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept all allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim for a violation of §10(b) and Rule 10b-5 of the Exchange Act, a plaintiff must allege: (1) A material misrepresentation or omission of fact; (2) Scienter; (3) A connection between the misrepresentation or omission and the purchase or sale of security; (4) Reliance upon the misrepresentation or omission; (5) Economic loss; and (6) Loss causation. *See Scheuneman v. Arena Pharm., Inc.*, 840 F. 3d 698, 704 (9th Cir. 2016). More specifically, a plaintiff must allege the misrepresentation element with sufficient particularity to satisfy Rule 9(b), and the scienter element with sufficient particularity to satisfy the Private Securities Litigation Reform Act of 1995 ["the PSLRA"]. *See Scheuneman,* 840 F. 3d at 704.

Barney's § 10(b) and Rule 10b-5 claim are predicated on the statements made by Nova Lifestyle, Lam, and Chuang in the Press Release and the 2016 and 2017 Reports. Specifically, in the Press Release, Nova Lifestyle touted its exclusive agreement with

Shanxi Wanqing for a $460 million senior care center that Shanxi Wanqing was developing in China. Further, in the 2016 and 2017 Reports, Nova Lifestyle, Lam, and Chuang stated that: (1) Shanxi Wanqing was Nova Lifestyle's largest customer in 2016 and 2017, making up10.8% and 24.3% of Nova Lifestyle's total sales, respectively; and (2) Merlino Lewis was Nova Lifestyle's second largest customer in 2017, making up13.7% of Nova Lifestyle's total sales. The parties do not dispute that those statements are material. The issues, here, are whether Barney sufficiently alleged: (1) That those statements were misrepresentations; (2) That Nova Lifestyle, Lam, and Chuang made those alleged misrepresentations with the requisite scienter; and (3) Causation.

To satisfy Rule 9(b)'s heightened pleading requirement, a plaintiff must identify the who, what, when, where, and how of the misconduct alleged, as well as what was false or misleading about the allegedly fraudulent statement, and why it was false. *See Salameh v. Tarsadia Hotel*, 729 F. 3d 1124, 1133 (9th Cir. 2013).

Here, Barney alleged that Shanxi Wanqing and Merlino Lewis were not in operation at the time of the Press Release and the 2016 and 2017 Reports, and, therefore, Nova Lifestyle could not have done business with them. Accordingly, Shanxi Wanqing and Merlino Lewis could not have been Nova Lifestyle's largest customers in 2016 and 2017. Moreover, because Nova Lifestyle was not making sales to Shanxi Wanqing or Merlino Lewis, it artificially inflated its 2016 and 2017 total sales. Thus, Nova Lifestyle's statements in the Press Release, as well as Nova Lifestyle's, Lam's, and Chuang's statements in the Press Release and the 2016 and 2017 Reports were, allegedly, misrepresentations. *See Salameh v. Tarsadia Hotel*, 729 F. 3d at 1133. Accordingly, Barney's has satisfied Rule 9(b)'s heightened pleading requirement as to his §10(b) and Rule 10b-5 claim. *See Salameh v. Tarsadia Hotel*, 729 F. 3d at 1133.

Pursuant to the PSLRA, Barney must allege, with particularity, facts giving rise to a strong inference that Nova Lifestyle, Lam, and Chuang, *inter alia*, made the false

or misleading statements with the requisite scienter – intentionally, knowingly, or with deliberate recklessness. *See S. Ferry LP, No. 2 v. Killinger*, 542 F. 3d 776, 782 (9th Cir. 2018). The Court must consider the complaint holistically to determine whether the totality of Barney's allegations leads to a strong inference of scienter. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 321 (2007).

Here, Barney alleged sufficient facts to raise a strong inference that Nova Lifestyle, Lam, and Chuang intentionally, knowingly, or with deliberate recklessness, misrepresented material facts, regarding Nova Lifestyle's relationship with Shanxi Wanqing and Merlino Lewis because they, allegedly, knew that neither Shanxi Wanqing nor Merlino Lewis were in operation at the time of the Press Release and the 2016 and 2017 Reports. *See Tellabs Inc.*, 551 U.S. at 321. Thus, Barney's §10(b) and Rule 10b-5 claim satisfies the PSLRA. *See Schueneman*, 840 F. 3d at 704.

Further, Barney sufficiently alleged that Nova Lifestyle's, Lam's, and Chuang's material misrepresentations caused him to purchase Nova Lifestyle's common stock. *See Schueneman*, 840 F. 3d at 704. Barney, also, sufficiently alleged that the misrepresentations were the proximate cause of his injuries, namely, the decline in stock price. *See In re Daou Systems, Inc.*, 411 F. 3d 1006, 1025 (9th Cir. 2005).

Accordingly, Barney has sufficiently alleged that Nova Lifestyle, Lam, and Chuang violated § 10(b) and Rule 10b-5 of the Exchange Act.

Barney, also, alleged that Lam, and Chuang violated § 20(a) of the Exchange Act, a derivative claim that imposes liability on someone who controls any person liable for a primary violation of the Exchange Act. *See generally, Webb v. Solarcity Corp.*, 2018 WL 1189422, *11 (9th Cir. 2018). To state a claim for a § 20(a) violation, a plaintiff must allege: (1) A primary violation of federal securities laws; and (2) that a defendant exercised actual power or control over the primary violator. *See generally, Webb v. Solarcity Corp.*, 2018 WL 1189422, at *11.

Because Barney sufficiently alleged that Nova Lifestyle, Lam and Chuang violated § 10(b) and Rule 10b-5, he has sufficiently alleged a primary violation of

federal securities laws. *See Webb*, 2018 WL 1189422, at *11. The Court may find that Lam and Chuang exercised actual power or control over Nova Lifestyle by virtue of being high level officers of the corporation. *See generally*, *In re Daou Systems*, 411 F. 3d at 1030. Accordingly, Barney sufficiently alleged that Lam and Chuang exercised actual power or control over themselves and Nova Lifestyle. *See generally*, *In re Daou Systems*, 411 F. 3d at 1030. Thus, Barney adequately alleged that Lam and Chuang violated § 20(a) of the Exchange Act.

Accordingly,

**It is Ordered** that the motion to dismiss be, and hereby is, **Denied.**

Date: December 2, 2019

Terry J. Hatter, Jr.

Terry J. Hatter, Jr.
Senior United States District Judge